Alissa J. Sammarco - 0077563
Attorney for Plaintiff

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI OFFICE**

| | | |
|---|---|---|
| **CARY L. WILLIAMS** | : | Case #: |
| | : | Judge: |
| Plaintiff | : | Magistrate: |
| | : | |
| vs. | : | **COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| | : | |
| **THE CLEVELAND-CLIFFS FOUNDATION,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **CLEVELAND-CLIFFS MIDDLETOWN WORKS,** | : | |
| | : | |
| **And** | : | |
| | : | |
| **John Does 1 – 10,** | : | |
| | : | |
| Defendants | : | |

## PRELIMINARY STATEMENT

1. This is a civil rights action alleging discrimination and retaliation in employment. Plaintiff alleges violations of Title VII 42 USC Section 2000e, the Age Discrimination in Employment Act and O.R.C. Section 4112 et seq.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title VII, and the Age Discrimination in Employment Act (ADEA) (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to its pendent and ancillary jurisdiction over related state causes of action. Venue lies in the Southern District of Ohio, the judicial district in which the

claim arose pursuant to 28 U.S.C. § 1391. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

3. This Court has jurisdiction over Defendants because Defendants transact business and are located in this division and district.

4. Venue is proper in the Southern District Court of Ohio, Western Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in this Division and District.

5. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2024-02429 on 3/6/2025. A true and correct copy of the 1st EEOC Charge is attached hereto as Exhibit 1. The EEOC issued a Notice of Right To Sue Letter (NORTS Letter) on March 7, 2025, which Plaintiff received on March 11, 2025. A true and correct copy of the 1st NORTS letter is attached hereto as Exhibit 2.

6. Plaintiff filed a second timely charge of discrimination with the EEOC, Charge No. 473-2025-01514, on 4/4/2025. A true and correct copy of the 2nd EEOC Charge is attached hereto as Exhibit 3. The EEOC issued a NORTS letter for the second charge on April 8, 2025, which was received on or about 4/11/2024. A true and correct copy of the 2nd NORTS Letter is attached hereto as Exhibit 4.

**PARTIES**

7. All prior allegations are incorporated herein by reference as if fully rewritten herein.

8. Plaintiff was, at all times material hereto, a resident of the State of Ohio. Plaintiff was employed by Defendants as herein alleged below in Butler County, State of Ohio.

9. At all times relevant hereto, Defendants Cleveland-Cliffs Foundation and Cleveland-Cliffs Middletown Works were Ohio corporations and/or businesses who were authorized to do business and doing business within the State of Ohio, operating plant at 1801 Crawford Street, Middletown, Ohio 45044. This facility is located in the County of Butler, State of Ohio. These defendants will be referred to hereinafter jointly as "Defendant Cleveland-Cliffs."

10. At all times relevant hereto, Defendant Cleveland-Cliffs Foundation was doing business as Cleveland-Cliffs Middletown Works at the location listed in the immediately preceding paragraph. In the alternative, Defendant Cleveland-Cliffs Middletown Works awas a subsidiary of, owned, operated and controlled by Defendant Cleveland-Cliffs Foundation.

11. Defendants John Does 1 through 10 are persons or entities whose names and addresses could not be discovered through the exercise of due diligence prior to the filing of this Complaint.

12. Defendants John Does 1 through and including 10 were the owners, operators, controllers, trustees, decision makers of Defendants Cleveland-Cliffs Foundation and Cleveland-Cliffs Middletown Works.

13. Defendants, and each of them, were employers as defined by Title VII, the ADEA, and Ohio Rev. Code Title 41.

**STATEMENT OF FACTS**

14. All prior allegations are incorporated herein by reference as if fully rewritten herein.

15. The Plaintiff, Cary Williams, is an African-American Male. Mr. Williams is a Black Male. Mr. Williams is over the age of 40 years.

16. On or about February 1, 2019, Plaintiff was hired by Defendant Cleveland-Cliffs and worked as an Operations Shift Manager Engineer and was subsequently promoted to Senior Operations Shift Manager. He worked at the Cleveland-Cliffs Middletown Works facility located at 1801 Crawford Street, Middletown, Ohio 45044.

17. During his employment with Defendants, Plaintiff often heard other employees using sexually explicit language, making comments about other employees, both male and female. The other managers and supervisors who worked for Defendants were aware of the comments and conduct of employees and took no action to correct the physical and verbal actions of other employees.

18. On or about May 31, 2024, a female employee(s) made a complaint that a supervisor who was a co-worker of Plaintiff, Craig Sanders, in a different area of the plant, had made offensive and unwelcome sexual behavior toward her.

19. On or about May 31, 2024, Defendant Cleveland-Cliffs advised Plaintiff that they were investigating the complaints against Craig Sanders who was a white male Senior Operations Manager. The management who advised plaintiff included Paul Reed, General Manager, Troy Shuttler, Plaintiff's supervisor, and Jessica Morris, Human Resources. They further advised Plaintiff that he was not under investigation, and that no complaints had been made against him.

20. On or about 5/31/2024, Mr. Reed and Ms. Morris called Plaintiff into a meeting to ask if he remembered using the term "paduka dunk." They assured Plaintiff that no one had complained of unwelcome sexual conduct against him.

21. On or about 6/9/2024, Manager Reed told Plaintiff that he was not to come into work on 6/10/2024 as they were continuing their investigation.

22. On or about 6/11/2024, Plaintiff went to work as scheduled. When he arrived, his supervisor, Troy Perry, sent him home at the direction of Manager Reed.

23. On or about 6/12/2024, Plaintiff was called into the office for a meeting. During that meeting, Manager Reed, Supervisor Shuttler and the plant manager told Plaintiff that during their investigation into his co-worker, Sanders, some people said that "Cary just talks like that sometimes," and "if I went that way, he'd probably do it." They again confirmed that no one had made complaints of unwelcome sexual conduct against Plaintiff. No one made allegations that Plaintiff had made explicit or offensive sexual conduct, either physical or verbal.

24. Plaintiff objected to the investigation into his conduct as based on an illegal basis, race, as he was the only African-American and Black supervisor.

25. Defendants' decision to terminate Plaintiff was in part, based on retaliation for his protected activity.

26. Overall, the conduct of all or most other white male and white female employees included explicit and offensive sexual conduct, both verbal and physical. The conduct was known by, and participated in by other white supervisors and managers, including supervisors Shutler and Perry, and other female employees. No investigation was conducted regarding the known conduct of other white and female employees.

27. On or about 6/12/2024, Plaintiff was summarily terminated from his employment with Defendants.

28. Female employees, non-African American employees and employees who were significantly younger than Plaintiff were treated better than he was and were not subjected to adverse employment actions up to and including termination for their conduct.

29. Plaintiff was routinely treated differently than female and non-African-American, non-Black employees, who were not the subject of unwarranted investigation, discipline and termination.

30. Plaintiff was retaliated against for his protected activity under Title VII.

31. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages and continues to suffer damages including but not limited to lost wages, lost reputation, emotional distress, pain and suffering, and additional damages to be proven at trial. These damages are in excess of $75,000 (Seventy-five thousand dollars).

**FIRST CAUSE OF ACTION**
**TITLE VII AND O.R.C. CHAPTER 4112**

32. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

33. Defendants and each of them, have discriminated and retaliated against Plaintiff on the basis of race, color, and sex in violation of Title VII, 42 USC 2000e, and Ohio Rev. Code Title 41.

34. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

35. As a direct and proximate result of Defendant Cleveland Cliffs' unlawful conduct, Plaintiff has suffered damages and is entitled to recovery under Title VII, 42 USC 2000e, and R.C. Title 41.

36. Defendants knew of plaintiff's protected activity.

37. Plaintiff suffered materially adverse employment actions and ultimately was discharged.

38. Defendants acted with intent and in retaliation for his conduct.

39. Comparative employees were treated better than Plaintiff.

40. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially Plaintiff, thereby entitled Plaintiff to punitive damages.

41. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

42. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially the Plaintiff, thereby entitling Plaintiff to punitive damages.

43. As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits provided under the contract.

**SECOND CAUSE OF ACTION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**AND OHIO REVISED CODE TITLE 41 (SECTION 4112.14)**

44. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

45. Defendants and each of them, have discriminated and retaliated against Plaintiff on the basis of age in violation of the Age Discrimination in Employment Act (ADEA) and Ohio Rev. Code Title 41.

46. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recovery under the ADEA and Ohio Rev. Code Title 41.

48. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

49. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially the Plaintiff, thereby entitling Plaintiff to punitive damages.

50. As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits provided under the contract.

**THIRD CAUSE OF ACTION**
**RETALIATORY DISCHARGE/DISCRIMINATION**

51. Plaintiff incorporates all previous paragraphs as if fully rewritten herein.

52. Defendant's actions as set forth above constituted retaliation against Plaintiff due to his reporting Title VII, the ADEA and Ohio Rev. Code Title 41 violations, discrimination based on gender, race, color, and age.

53. As a result of said retaliation, Plaintiff has lost his employment and suffered and continues to suffer economic and psychological damages.

54. As a direct and proximate result of Defendants' retaliatory discharge, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and lost educational reimbursement as well as other benefits provided under the contract.

**WHEREFORE**, Plaintiff demands that the Court:

a. Award Plaintiff compensatory damages in an amount to be shown at trial;

b. Award Plaintiff back pay, front pay and employment benefits and other equitable relief;

c. Award Plaintiff emotional distress and pain and suffering in an amount to be shown a trial;

d. Award Plaintiff punitive damages against each Defendant in an amount to be shown at trial;

e. Award Plaintiff reasonable attorney's fees and costs and disbursements;

f. Award Plaintiff pre and post judgment interest at the statutory rate;

g. Reinstate Plaintiff to his former position;

h. Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully Submitted,

**SAMMARCO LAW FIRM LLC**

/s/ Alissa J. Sammarco

Alissa J. Sammarco - 0077563
Attorney for Plaintiff
810 Sycamore Street
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email: AJS@SammarcoLegal.com

**JURY DEMAND**

Now comes Plaintiff and demands trial by jury.

/s/ Alissa J. Sammarco

Alissa J. Sammarco– 0077563
Attorney for Plaintiff